STATE, EX REL. DOUGLAS COUNTY, APPELLANT, v. ROBERT SMITH, CLERK OF THE DISTRICT COURT, APPELLEE.

FILED DECEMBER 22, 1917. No. 19765.

Officers: CLERKS OF DISTRICT COURTS: NATURALIZATION FEES. The Nebraska statute enumerating the fees chargeable by the clerk of the district court for his services, allowing him to retain a specified sum annually and requiring him to pay the excess into the county treasury, did not require him to account to the county for naturalization fees which he was authorized to collect and retain under the act of congress. Rev. St. 1913, sec. 2429.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

George A. Magney, County Attorney, and Ray J. Abbott, for appellant.

John P. Breen, contra.

John J. Sullivan, amicus curiæ.

State, ex rel. Douglas County, v. Smith.

Rose, J.

This is an application for a peremptory writ of mandamus requiring the clerk of the district court for Douglas county to pay into the county treasury one-half of the naturalization fees collected by him prior to 1917. Respondent resisted the allowance of the writ on the grounds that he had received the fees in controversy for services and expenses under the act of congress making provision for the naturalization of aliens, that the federal statute permitted him to retain such fees, and that he was not required by any law of Nebraska to turn any part of them over to Douglas county. From a dismissal of the proceeding, relator has appealed.

Relator invokes the Nebraska statute enumerating the fees which the clerk shall charge for his services, allowing him to retain $4,000 annually, and requiring him to pay the excess into the county treasury, after paying for the services of authorized assistants. Rev. St. 1913, sec. 2429. Relator's interpretation of the statute does not seem to be justified by the language of the act. The legislature enumerated duties and fixed a charge for each service. The fee bill is introduced thus: "The clerk of the district court shall charge for his services the following fees." In the same section, following the fee bill, the statute declares: "If the fees shall exceed four thousand dollars *per annum,* in counties having more than one hundred thousand inhabitants, said clerk shall pay such excess into the treasury of the county." Rev. St. 1913, sec. 2429. The fees for which the clerk must account are chargeable for his services as an officer of the judicial department of the state government, and these are the fees to which the act of the state legislature refers in requiring him to pay the excess into the county treasury. Naturalization fees are authorized by an act of congress, and no reference to them is made in the Nebraska statute. When collected by respondent, the state legis-

lature did not require him to turn them over to the county or to account for them in determining the "excess" which he is required to pay into the county treasury. The clerk performed services for two sovereigns—the United States and the state of Nebraska. The state law fixed and controlled the fees for one, and the act of congress for the other. The federal statute authorized respondent to retain one-half of the naturalization fees collected by him. 34 U. S. St. at Large, ch. 3592, sec. 13, p. 600. The Nebraska statute in force when the naturalization fees in controversy were collected did not require the clerk of the district court to account to the county for any part of them. The writ therefore was properly denied.

AFFIRMED.

LETTON, J., not sitting.